## Ex Parte E. E. Iles.

### No. 2960.    Decided January 21, 1914.

**Extradition—Practice on Appeal.**

   Where, upon appeal from extradition proceedings no errors appeared of record and relator was identified as the party who is charged in the indictment, the judgment of the lower court remanding relator to custody must be affirmed.

Appeal from the Criminal District Court of Dallas.    Tried below before the Hon. W. L. Crawford.

Appeal from extradition proceedings remanding relator to custody. The opinion states the case.

No brief on file for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, Judge.—The relator was arrested under extradition proceedings.    The Governor of Oregon made a requisition upon the Governor of Texas for the arrest and extradition of relator.    The Governor of Texas issued his warrant, which was executed by the arrest of the relator.    The evidence in the case shows that relator was charged in Clackamas County, Oregon, with riot, quite a number of other names being included in the indictment.    There was a bench warrant issued in that county for his arrest.    He was found in Texas, and requisition was made upon our Governor, who honored it and issued his warrant of arrest.

On the trial before District Judge Crawford he was remanded to custody of the Sheriff of Dallas County, with instructions to turn him over to the extradition agent, Mr. Earnest T. Maas, of Oregon.    Appeal was prosecuted from this order.    There are no grounds of error alleged in the record.    The papers seem to be regular, and relator identified as the party who is charged in the indictment, and so far as we are able to see there is no reason shown by the record why the judgment should not be affirmed.    It is ordered that the judgment be affirmed.

*Affirmed.*